# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED
LODGED          ENTERED
                RECEIVED

NOV 8 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

ERNEST ARNIM TYNDALE, #502-983      *

Petitioner      *

v      *      Civil Action No. RDB-11-1653

WARDEN RODERICK SOWERS, et al.      *

Respondents      *
           ***

## MEMORANDUM ORDER

Pending is Petitioner Ernest Armin Tyndale's petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254. Respondents have responded, requesting dismissal of the Petition as time-

barred or, alternatively, if not time-barred, for failure to fully exhaust the claims before the state

courts. ECF No. 4. The self-represented Petitioner has filed a reply with exhibits. ECF No. 9. A

hearing is unnecessary to resolve the issues. *See* Rule 8, "Rules Governing Section 2254 Cases in

the United States District Courts." After careful review of the pleadings, exhibits, and applicable

law, the Court will DENY and DISMISS the Petition as time-barred.

### I.    BACKGROUND

Tyndale's petition challenges his 1995 first-degree murder conviction the Circuit Court

for Baltimore City. On October 17, 1995, he was sentenced to life imprisonment. Resp. Ex. 1,

p. 4; Ex. 2, p. 7.

The Court of Special Appeals of Maryland affirmed judgment in an unreported opinion

filed on January 29, 1997. Resp. Ex. 1. P. 8. The Court of Appeals of Maryland denied

Tyndale's pro se petition for writ of certiorari on June 11, 1997. *See Tyndale v. State*, 346 Md.

28 (1997). He did not seek certiorari review before the Supreme Court of the United States.

Under these facts, Tyndale's judgment of conviction became final for the purpose of starting the one-year limitation running on September 9, 1997. *See* Sup. Ct. Rule 13.1 (petition for writ of certiorari must be filed within 90 days of judgment).

On November 17, 1999, Tyndale filed a petition for post-conviction relief in the Circuit Court for Baltimore City. He filed a supplemental petition in March of 2001, and then moved to withdraw his petition without prejudice. Resp. Ex. 1, pp. 5-6. On July 30, 2001, the Circuit Court granted his motion to withdraw without prejudice. *See id.* p. 6.

On August 28, 2001, Tyndale filed another petition for post-conviction relief. *See id; see also* Resp. Ex. 2, p. 8. On March 7, 20005, the Circuit Court for Baltimore County granted post-conviction relief on one ground of ineffective assistance of counsel and ordered the State's Attorney for Baltimore City to retry the case or submit to sentencing on the charge of second-degree murder. Resp. Ex. 2, pp. 1, 9-12. The State's application for leave to appeal was granted, and on January 22, 2007, the Court of Special Appeals reversed the order granting post-conviction relief and remanded the case for resolution of the remaining issues. Resp. Ex 2, p. 22. Tyndale's post-conviction proceedings remain pending in state court. Resp. Ex. 1. On January 8, 2011, the Circuit Court held a hearing on the case, but a decision has not been issued to date.

## II. DISCUSSION

### A. Limitations Period

A one-year statute of limitations applies to this federal habeas petition. *See* 28 U.S.C.

§ 2244(d);[1] *Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

A habeas petitioner is entitled to equitable tolling where 1) he has been pursuing his rights diligently, and 2) an extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560(2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). A petitioner's lack of familiarity with the law is neither extraordinary nor provides a basis for equitable tolling. *See United States Sosa*, 364 F. 3d 507, 512 (2004).

---

[1] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Tyndale argues in his Reply that the one year limitations period does not apply to his case because he was seeking collateral review in the state courts between March 15, 2005 through May 23, 2011. ECF No. 9, Pla. Reply, ¶¶ 2 and 3. He also asserts that he is challenging the 2005 and 2007 judgments of the Court of Special Appeals of Maryland. *Id.* ¶ 3. Further, he alleges that a "legal stone wall" erected against him by the state courts delayed his state post-conviction actions. *Id.* ¶ 3.

Tyndale's judgment of conviction became final for direct appeal for the purpose of on September 9, 1997, and expired one year later on September 8, 1998. When he filed his first motion for post-conviction relief on November 17, 1999, the federal statute of limitations had already expired. The instant petition was filed on June 13, 2011,[2] and long after the limitations period had elapsed. During the period between September 9, 1997 and September 8, 1998, Tyndale filed no state post-conviction or other collateral review proceedings to toll the limitations period. Consequently Tyndale's § 2254 petition, filed more than twelve years after the limitations period expired, is time-barred unless equitable tolling is demonstrated.[3]

Tyndale's Reply suggests that he misunderstands how the one-year period is calculated. Tyndale's federal habeas petition was filed on June 13, 2011, long after the limitations period had run on October 8, 1998, and no facts are presented to warrant equitable or statutory tolling. Tyndale does not allege Respondents prevented him from filing a timely § 2254 petition in federal court, and fails to demonstrate "extraordinary circumstances" beyond his control that

---

2  The Petition is signed and dated June 13, 2011, and was received by the Clerk on June 15, 2010. ECF No. 1, Petition, p. 10. For the purpose of assessing timeliness under 28 U.S.C. § 2244(d), the Petition is deemed delivered to prison officials on June 13, 2011. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

3  Since Tyndale's state post-conviction remains before the Circuit Court for Baltimore City, this matter, even if it were timely filed which it was not, would be subject to dismissal without prejudice for failure to exhaust state court remedies.

prevented him from complying with the statutory time limit. He is not entitled to equitable tolling and the Petition will be denied and dismissed as time-barred.

## B. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability (COA) "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2). To make such a showing, A petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282(2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484). Tyndale does not satisfy this standard and a COA will be denied.

## III. CONCLUSION

For these reasons, the Court shall dismiss the Motion as time-barred and deny a Certificate of Appealability. A separate Order follows.

_Nov. 7, 2011_
Date

_RICHARD D. BENNETT_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE